*75 OPINION.
Van Fossan:
In this proceeding we have to determine only the profit derived by the petitioner upon the sale of the Kimmel property in 1920. The respondent has treated the entire proceeds, $12,903.28, as taxable income upon the ground that the petitioner charged off the cost of the property in prior years. The position of the respondent is that the petitioner treated all dealings in real estate as one transaction and credited rents and profits received from individual items of property against the total cost of all property; that the unextin-guished cost of all property when the account was closed in 1918 was *76 charged off to operating costs; and that the entire proceeds of sale of the Kimmel property is profit and taxable income.
The petitioner kept all real estate transactions in one account, charging thereto the costs of property acquired and crediting thereto rents received and profits realized upon sales. The balance of $2,986.48 in the account in 1918 was charged to operating costs, and the account was closed. Kents and profits received from real estate transactions were reported by the petitioner in its income-tax returns, and presumably such income was subjected to taxation in the proper years. The Kimmel property cost the petitioner $8,669.07 and neither the property itself nor the loan, in lieu of which it was accepted, was at any time charged off as a bad debt. Nor was a deduction therefor at any time claimed or allowed for tax purposes.
The effect of respondent’s action is to tax as income for 1920 rents and profits received in prior years. This he can not do. Income is taxable in the year in which received or accrued, as the case may be, and is not subject to tax in another year. (See Appeal of Chatham & Phenix National Bank, 1 B. T. A. 460, and Gooper-Brannan Naval Stores Co. v. Commissioner, 9 B. T. A. 105.) Nor has either petitioner or respondent the right or authority to designate arbitrarily the year in which income shall be reported or taxed. (See Appeal of Gilliam Manufacturing Co., 1 B. T. A. 967; Appeal of Even Realty Co., 1 B. T. A. 355; Joyce-Koebel Co. v. Commissioner, 6 B. T. A. 403.)
Counsel for respondent admitted that if the actual facts as to this property were shown petitioner would prevail, but urged that the petitioner is estopped from setting up the true cost of the Kimmel property as a basis for determining the gain upon the sale. Respondent, however, offered no evidence of any facts sufficient to work an estoppel against the petitioner. If estoppel existed it was incumbent upon the respondent to establish it, and that he failed to do. Estoppel is not established by intimations. Appeal of E. O. Fippin, 2 B. T. A. 350.
Section 202(a) (2) of the Revenue Act of 1918 provides that in the case of property acquired on or after March 1, 1913, the cost thereof shall be the basis for ascertaining the gain or loss from the sale or other disposition of the property. The cost of the Kimmel property was $8,669.07 and the total receipts from the sale thereof in 1920, including accrued rents of $903.28, were $12,903.28. The gain derived by the petitioner from the sale is, therefore, $4,234.21.
The deficiency, if any, shall be recomputed in accordance with this opinion.
Judgment will be entered on 15 days’ notice, u/nder Rule 50.